**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT BOBACK, )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL S. GEISLER, ESQ., et al, )<br>)<br>       Defendants. ) | Civil Action No. 2:24-cv-00344<br><br>Chief District Judge Mark R. Hornak<br>Magistrate Judge Kezia O. L. Taylor<br><br>ECF No. 16<br>ECF No. 18 |

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that Defendants' Motion to Dismiss, ECF No. 16, and Defendants' Motion to Strike, ECF No. 18, be DENIED.

**II.   REPORT**

    **A.   Procedural History**

Plaintiff Robert Boback ("Plaintiff") initiated the instant counseled case on March 15, 2024, with the filing of a Complaint wherein he brings claims of abuse of process and unjust enrichment against husband and wife defendants as well as their counsel. *See* ECF No. 1, *generally*. Plaintiff asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because Plaintiff, a resident of Florida, and Defendants, residents of Pennsylvania, are citizens of different states and the amount in controversy exceeds $75,000. *Id*. ¶ 10. On April 8, 2024, Defendants filed a Motion to Dismiss, arguing lack of jurisdiction as well as attacking the claims on the merits. ECF No. 16. On that same day, Defendants filed a Motion to Strike, ECF No. 18, requesting that Plaintiff's Complaint be stricken pursuant to Fed. R. Civ. P. 12(f). On April 15, 2024, Plaintiff filed a Response in Opposition to the Motion to Dismiss. ECF No. 24. On April

16, 2024, Plaintiff filed a Response in Opposition to the pending Motion to Strike. ECF No. 28. No replies were submitted. The Motions are now ripe for review.

### B. Factual Allegations

This action arises out of events that occurred as part of a mortgage foreclosure proceeding involving Defendants Michael and Cynthia Durando's ("Durandos") property. ECF No. 1 ¶ 1. Specifically, in 2004, the Durandos took out a mortgage and purchased a home. *Id*. ¶ 12. By 2021, the Durandos were failing to make timely mortgage payments, and on at least two occasions, between 2021 and 2022, foreclosure proceedings were initiated. *Id*. ¶ 13. On August 8, 2022, the mortgagor again initiated foreclosure proceedings against the Durandos. *Id*. ¶ 14. On March 1, 2023, a Praecipe for Writ of Execution on the Property was filed and a sheriff's sale was scheduled for May 1, 2023. *Id*. ¶ 16. The Durandos were served with Notice of the sheriff's sale on March 11, 2023, at which time they owed over $130,000 in back mortgage payments and costs. *Id*. Mr. Durando requested that the sheriff's sale be postponed so that he could get current on the mortgage. *Id*. ¶ 17. Pursuant to the Notice of Continuance, attached to Plaintiff's Complaint as Exhibit 1, the sheriff's sale was rescheduled for June 5, 2023. *Id*. Notice of this continuance was served on the Durandos on April 23, 2023. *Id*. On June 5, 2023, Plaintiff purchased the property at the sheriff's sale, with the closing scheduled to occur on July 18, 2023. *Id*. ¶ 20.[1]

On June 22, 2023, the Durandos, through their counsel, Defendant Attorney Geisler, filed a Petition to Set Aside the sheriff's sale, ("Petition"), asserting that they were not provided Notice of the continuance date. *Id*. ¶ 21. The foreclosure proceeding involving the Petition entered

---

[1] Plaintiff submits that "[a]fter the sale, the County prepared a deed deeding the property to Mr. Boback and informed the taxing authorities that he is the owner of the property. The County's real estate website lists Mr. Boback as the owner and the person responsible for taxes. . . However, the Petition to Set Aside Sheriff's Sale filed by Defendants . . .prevented the Deed from being actually recorded." *Id*. ¶ 3.

litigation, and at least one deposition was conducted. *Id.* ¶¶ 14-25. During the course of the underlying foreclosure proceeding, Defendant Greier refused to make Mrs. Durando available for deposition, even though the Petition was filed in her name, citing spousal privilege. *Id.* ¶¶ 23, 26. Plaintiff filed an Emergency Motion to Compel, which the trial court granted, allowing for Mrs. Durando to be deposed, subject to certain limited restrictions associated with spousal privilege. *Id.* ¶¶ 26 and 27. Defendant Greier appealed the trial court's Order to the Superior Court, in response to which, Plaintiff's counsel filed a Motion to Quash, that the Superior Court granted. *Id.* ¶¶ 28 and 29. Defendant Grier once again appealed the decision, this time filing a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. *Id.* ¶ 30.[2] Plaintiff contends that these filings have afforded Defendants the opportunity to "continue to freeload off of Mr. Boback via the time gained by filing the frivolous appeals." *Id.* ¶ 39.

Following the sheriff's sale, and for at least ten (10) months thereafter, the Durandos continued to live in the home that Plaintiff purchased. *Id.* ¶ 34. Since the sheriff's sale, Plaintiff has been paying property taxes on the property while not being able to take possession of the same. *Id.* ¶ 35. As a result of Defendants' conduct, Plaintiff avers that he suffered and continues to suffer pecuniary loss related to the property, including "payment of taxes, interest costs, lost rent or profit and resultant legal fees and costs . . . ." *Id.* ¶ 40. As relief, Plaintiff seeks compensatory and punitive damages.

    C. **Legal Standard**

        1. **Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding

---

[2] The Pennsylvania Supreme Court recently issued an Order denying the Petition. ECF No. 36-1.

a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering a motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York,*

4

*Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). Expounding on the *Twombly* and *Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

   2. **Fed. R. Civ. P. 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). Rule 12(b)(1) motions can raise either a facial or factual challenge to the Court's subject-matter jurisdiction. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack challenges the sufficiency of the pleadings, whereas a factual attack challenges the sufficiency of jurisdictional facts. *Lincoln Ben. Life Co. v. AEI Life, LLC,* 800 F.3d 99, 105 (3d Cir. 2015). In resolving a facial attack, the Court must accept Plaintiff's

well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017). When resolving a factual attack, however, the Court may weigh and consider evidence outside the pleadings. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### 3. **Fed. R. Civ. P. 12(f)**

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). Immaterial allegations are those that have no essential or important relationship to the claim for relief or the defenses being pleaded. *Conklin v. Anthou*, 2011 WL 1303299, at* 1 (M.D. Pa. Apr. 5, 2011). Impertinent allegations consist of "statements that do not pertain, and are not necessary, to the issues in question." *In re Shannopin Mining Co.*, 2002 WL 31002883, at *28 (W.D. Pa. Jul. 25, 2002). Scandalous allegations "cast[s] a derogatory light on someone, use[s] repulsive language, or detract[s] from the dignity of the court." *Carone v. Whalen*, 121 F.R.D. 231, 232 (M.D. Pa. 1988). Through District Judge Horan, this Court recently provided a recitation of applicable standards for deciding motions to strike:

> "Motions to strike are decided on the pleadings alone, and should not be granted unless the relevant insufficiency is 'clearly apparent.'" *Thomas v. Keystone Real Estate Grp.*, No. 14-cv-00543, 2015 WL 1471273, at *6 (M.D. Pa. Mar. 31, 2015) (quoting *Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986)). Therefore, as a general rule, motions to strike are disfavored, and "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some significant form of prejudice to one of the parties to the action." *See Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 572 (M.D. Pa. 2015) (citations omitted); *Powell v. Wetzel*, No. 12-cv-02455, 2014 WL 2472048, at *4 (M.D. Pa. Feb. 25, 2014) (citations omitted); *Trivedi v. Slawecki*, No. 11-cv-02390, 2013 WL 1767593, at *2 (M.D. Pa. Apr. 24, 2013) (citations omitted).

*State Farm Fire & Cas. Co. v. Katz*, 2:23-CV-00912-MJH, 2024 WL 4443991, at *3 (W.D. Pa. Oct. 8, 2024). "Even when challenged materials meet the definitions in [Fed. R. Civ. P.] 12(f), a motion will not be granted in the absence of clear prejudice to the adverse party." *Jenkins v. Veney*, No. CV 23-954, 2023 WL 4295824, at *1 (W.D. Pa. June 30, 2023).

### D. Discussion

#### 1. Subject-Matter Jurisdiction

Defendants bring a facial challenge to this Court's subject-matter jurisdiction. ECF No. 17 at 2. In support of their facial challenge, Defendants submit, without citing to any caselaw, that Plaintiff's allegations relative to his place of residence are insufficient for purposes of establishing diversity of citizenship. *Id.* at 5. Defendants also argue that Plaintiff's allegations that the amount in controversy exceeds the statutory minimum amount are insufficient because there is "[n]o further information as to how Plaintiff's damages exceed $75,000.00. No breakdown of elements of damages like rent, taxes, insurance, maintenance or attorney's fees." *Id.*

In his Response in Opposition, Plaintiff emphasizes Defendants' lack of legal authority in support of their arguments and reiterates that his allegations relative to being a resident of Florida is sufficient for purposes of diversity jurisdiction. *See* ECF No. 24 and 3 and 4. Additionally, Plaintiff voluntarily attached his own Declaration with copies of his Florida driver's license and voter registration to further support the existence of diversity jurisdiction. ECF No. 24-1. In response to Defendants' challenge to the amount in controversy, Plaintiff points to various sections of his well-pled Complaint that discuss the types of costs that he has incurred and the damages that he is seeking. ECF No. 24 at 5-7.

Diversity jurisdiction is defined by statute in relevant part as follows:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> **(1)** citizens of different States

28 U.S.C. § 1332(a)(1). Because subject matter jurisdiction is a necessary predicate to maintaining a suit in federal court, a complaint filed in federal court must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff adequately pled diversity of citizenship on the face of the Complaint. The Court notes, and appreciates, Plaintiff's efforts to eliminate doubt as to diversity of citizenship by including his Declaration and supporting documents. The Court finds diversity of citizenship exists.

Next, the Court will address Defendants' argument relative to the amount in controversy. Here, too, Defendants fail to point to any legal authority in support of their position, instead, appearing to argue that without a specific breakdown of damages, the jurisdictional monetary threshold has not been sufficiently pled. The Court disagrees.

As Plaintiff correctly points out, a facial challenge to subject-matter jurisdiction, which is the challenge being asserted here, requires the court to accept as true the allegations contained in the complaint, including the amount in controversy. *See Douglas v. Joseph*, 656 F. App'x 602, 604 (3d Cir. 2016). Plaintiff bears the burden of alleging in good faith that the amount in controversy exceeds $75,000. *Auto-Owners Ins. Co. v. Stevens &Ricci, Inc.*, 835 F.3d 388, 395 (3d Cir. 2016), (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). This burden "is not especially onerous." *Id*. at 395. Dismissal of a complaint based on a party's failure to meet the amount in controversy requirement is only proper "when the complaint is so patently deficient as to reflect to a legal certainty that the plaintiff could not recover the jurisdictional amount . . . . *See Huber v. Taylor*, 532 F.3d 237, 246 (3d Cir. 2008)." *Rowe v. Roberts*, 3:18-CV-250-SLH-KAP, 2020 WL 8736125, at *3 (W.D. Pa. Nov. 30, 2020*), report and*

8

*recommendation adopted*, 3:18-CV-250, 2021 WL 363695 (W.D. Pa. Feb. 3, 2021), *aff'd*, 21-1489, 2022 WL 964005 (3d Cir. Mar. 30, 2022).  In analyzing whether claims asserted in a complaint pass "legal certainty," the Third Circuit has cautioned that this is a "threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims. The court should not consider in its jurisdictional inquiry the legal sufficiency of those claims or whether the legal theory advanced by the plaintiff[s] is probably unsound[.]" *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997), *as amended* (Feb. 18, 1997).  With this in mind, the Court finds that Plaintiff's allegations relative to his lost profits, and incurred expenses related to insurance and taxes for the property, sufficiently support an amount in controversy in excess of the jurisdictional threshold.  Accordingly, it is respectfully recommended that Defendants' Motion to Dismiss for lack of subject matter jurisdiction be denied.

### 2. Abuse of Process

Defendants argue, without any legal support, that because the underlying state court action has not yet been decided on the merits, Plaintiff has failed to state a cognizable claim for abuse of process.  ECF No. 16 at 5 and 6.  In response, Plaintiff claims, with citations to legal authority, that to state a plausible abuse of process claim, there is no requirement that the underlying case be terminated.  Plaintiff is correct.

To establish an abuse of process claim under Pennsylvania law, a plaintiff must show that "the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed[,] and (3) harm has been caused to the plaintiff." *Grasso v. Katz*, No. 22-2896, 2023 WL 4615299, at *3 (3d Cir. July 19, 2023) (applying Pennsylvania law).  "It is important to note that termination in the underlying proceeding in favor of the current

9

plaintiff is **not** an element of an abuse of process claim." *P.J.A. v. H.C.N.*, 2017 PA Super 34, 156 A.3d 284, 291 (Pa. Super. Ct. 2017) (emphasis in original).

Based on the foregoing, it is respectfully recommended that Defendants' Motion to Dismiss Plaintiff's abuse of process claim be denied.

### 3. Unjust Enrichment

Defendants appear to be seeking dismissal of Plaintiff's unjust enrichment claim asserted against the Durandos, because "[t]he Complaint does not establish causation of damages[,]" based on the fact that "the sheriff wrongfully delivered the deed to Plaintiff even though the petition to set aside sale was timely filed. Pa. R.C.P 3135." ECF No. 17 at 6. In response, Plaintiff maintains that a plausible claim has been alleged and Defendants' contentions relative to the wrongfully delivered deed is a "non-sequitur." ECF No. 24 at 10.

To prevail on an unjust enrichment claim, a plaintiff must show that: (1) the plaintiff conferred a benefit on the defendant, (2) the defendant received the benefit, and (3) the defendant accepted the benefit under circumstances that make it inequitable for the defendant to retain the benefit without paying value for it. *Karden Constr. Servs., Inc. v. D'Amico*, 219 A.3d 619, 628 (Pa. Super. Ct. 2019) (citations omitted).

Defendants, once again, do not provide any legal support for their arguments nor do they assert that any of the aforementioned elements of an unjust enrichment claim have not been properly pled. Accordingly, it is respectfully recommended that Defendants' Motion to Dismiss Plaintiff's unjust enrichment claim be denied.

### 4. Motion to Strike

Defendants "move to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure

12(f)" based on Plaintiff's characterization of the Durandos as being "freeloaders." ECF No. 18. Defendants argue that this constitutes immaterial and scandalous matter that does not belong in a pleading. *Id*. In their Brief in Support, Defendants cite to the two paragraphs in Plaintiff's Complaint where the word "freeload" is used, presumably asserting that this term constitutes "scandalous matter," and requesting that the entire Complaint be stricken as a result. *See* ECF No. 19.

Plaintiff responds by, once again, pointing out that Defendants have failed to provide legal support for their position and arguing that seeking dismissal of the entire Complaint, due to the use of the word "freeloader" is inappropriate. *See* ECF No. 28 at 1 and 2. Plaintiff further supports his position of using "freeloader" to describe Defendants in this action by providing that this descriptor is related to his claims, and appropriately describes the behavior of the Durandos that led to the instant litigation. *Id*. at 3.

The Court of Appeals for the Third Circuit has "repeatedly stated our preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). "Striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice and should be used sparingly." *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (citation and quotation marks omitted). Here, the Court finds that striking the entire pleading is not an appropriate remedy, and as such, Defendants' Motion to Strike should be denied.

Similarly, even if Defendants' requested remedy were to strike the two paragraphs where they are referred to as "freeloaders," still it is recommended that the Motion to Strike be denied because the allegations at issue do not rise to the level of "scandalous" matter as contemplated by relevant case-law. *See Thomas v. Keystone Real Estate Grp. LP*, 4:14-CV-00543, 2015 WL

11

1471273, at *7 (M.D. Pa. Mar. 31, 2015) (striking from plaintiff's complaint paragraphs alleging criminal drug use as immaterial and prejudicial); *id*. at *8 (striking as scandalous plaintiff's motion and accompanying submissions where "[t]he prose in the documents [wa]s riddled with hyperbolic characterizations and profane language that ha[d] no relation whatsoever" to matters before the court); *id*. (noting that "submission of irrelevant scandalous material on the public record . . . is an affront" to the Court's dignity). *Compare Wermann v. Excel Dentistry, P.C.*, 13-7028, 2014 WL 846723, at *6 (S.D.N.Y. Feb. 25, 2014) (declining to strike profane and sexually explicit language attributed to defendant where they were material to plaintiff's gender discrimination claims).

Accordingly, it is respectfully recommended that Defendants' Motion to Strike be denied.

### III.    CONCLUSION

For the above reasons, it is respectfully recommended that Defendants' Motion to Dismiss, ECF No. 16, and Defendants' Motion to Strike, ECF No. 18, be denied.

In accordance with the Federal Magistrate Judge's Act, 28 U.S.C. §636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  November 18, 2024.

                                                         _s/ Kezia Taylor_
                                                         Kezia O. L. Taylor
                                                         United States Magistrate Judge