IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT BOBACK, | ) | |
| | ) | Civil Action No. 2:24-cv-00344 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Kezia O. L. Taylor |
| | ) | |
| MICHAEL S. GEISLER, ESQ., et al, | ) | ECF No. 34 |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that if the undersigned's Report and Recommendation relative to Defendants' Motion to Dismiss based on jurisdiction, ECF No. 16, is adopted, then the instant Motion to Strike should be granted and Plaintiff's Pennsylvania citizenship should be stricken from Defendants' Disclosure Statement at ECF No. 31. If, however, the District Court determines that diversity of citizenship does not exist in the present case, Plaintiff's Motion to Strike should be denied as moot.

### II. REPORT

#### A. Procedural and Factual History[1]

Plaintiff Robert Boback ("Plaintiff") initiated the instant counseled case on March 15, 2024, with the filing of a Complaint wherein he brings claims of abuse of process and unjust enrichment against husband and wife defendants as well as their counsel. *See* ECF No. 1, *generally*. Plaintiff asserts that this Court has diversity jurisdiction pursuant 28 U.S.C. § 1332,

---

[1] The Court is writing for the benefit of the Parties who are well-versed with the facts of this action. Accordingly, the Court does not find it necessary to restate them here, and instead, incorporates the Factual History as presented in its Report and Recommendation relative to Defendants' Motion to Dismiss and Motion to Strike. *See* ECF No. 40.

because Plaintiff, a resident of Florida, and Defendants, residents of Pennsylvania, are citizens of different states and the amount in controversy exceeds $75,000.  *Id.* ¶¶ 10 and 11.  On April 8, 2024, Defendants filed a Motion to Dismiss, arguing, *inter alia*, lack of jurisdiction.  ECF No. 16. On April 15, 2024, Plaintiff filed a Response in Opposition to the Motion to Dismiss, attaching his Declaration and copies of his Florida voter registration and driver's license in support of his assertion that he is a Florida resident.  ECF Nos. 24 and 24-1.  On April 21, 2024, Defendants filed their Disclosure Statement, as required pursuant to Fed. R. Civ. P. 7.1(a)(2), wherein Plaintiff's state of citizenship is identified as "Pennsylvania."  ECF No. 31.  Plaintiff promptly filed the instant Motion to Strike, requesting that Defendants' representation as to Plaintiff's Pennsylvania citizenship be stricken.  *See* ECF No. 34.  To date, Defendants have not filed a response to Plaintiff's Motion.

### B. Legal Standard

#### 1. Fed. R. Civ. P. 12(f)

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  *See* Fed. R. Civ. P. 12(f).  Immaterial allegations are those that have no essential or important relationship to the claim for relief or the defenses being pleaded.  *Conklin v. Anthou*, 2011 WL 1303299, at* 1 (M.D. Pa. Apr. 5, 2011).  Impertinent allegations consist of "statements that do not pertain, and are not necessary, to the issues in question."  *In re Shannopin Mining Co.*, 2002 WL 31002883, at *28 (W.D. Pa. Jul. 25, 2002).  Scandalous allegations "cast[s] a derogatory light on someone, use[s] repulsive language, or detract[s] from the dignity of the court."  *Carone v. Whalen*, 121 F.R.D. 231, 232 (M.D. Pa. 1988).

Generally, Rule 12(f) motions "are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issue.'" *Perma-Liner Indus. v. United States Sewer & Drain, Inc.*, 630 F. Supp. 2d 516, 526 (E.D. Pa. 2008) (internal quotations omitted).

### C. Discussion

This Court recently issued its Report and Recommendation, recommending, *inter alia*, that Defendants' Motion to Dismiss for lack of subject-matter jurisdiction be denied. *See* ECF No. 40. Therein, the undersigned determined that Plaintiff, while not obligated to do so given Defendants' facial challenge to jurisdiction, nevertheless provided sufficient evidence of his Florida residence. Defendants did not submit a response to these documents, nor have they responded to the pending Motion to Strike. Based on Plaintiff's uncontroverted evidence, and no arguments to the contrary, it appears to the Court that Defendants may have erred when they indicated that Plaintiff is a citizen of Pennsylvania. The undersigned is not prepared to accuse Defendants, together with their counsel, of including falsities in their submissions to the Court. Therefore, it is recommended that Plaintiff's Motion to Strike be granted.

### III. CONCLUSION

For the above reasons, it is respectfully recommended that if the undersigned's Report and Recommendation relative to Defendants' Motion to Dismiss based on jurisdiction, ECF No. 16, is adopted, then the instant Motion to Strike should be granted and Plaintiff's Pennsylvania citizenship should be stricken from Defendant's Disclosure Statement at ECF No. 31. If, however, the District Court determines that diversity of citizenship does not exist in the present case, Plaintiff's Motion to Strike should be denied as moot, as the Court would no longer have jurisdiction over this matter.

In accordance with the Federal Magistrate Judge's Act, 28 U.S.C. §636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: November 18, 2024.

                                                  s/Kezia Taylor
                                                  Kezia O. L. Taylor
                                                  United States Magistrate Judge